**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MIAE DECOVICH, | No. 12-16803 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-00872-JCM-CWH |
| v. | |
| ANTHEM LIFE INSURANCE COMPANY, as Claims Administrator on behalf of Venetian Insurance Package Long-Term Disability Plan, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted December 9, 2014
San Francisco, California

Before: O'SCANNLAIN, FISHER and HURWITZ, Circuit Judges.

Appellant Miae Decovich appeals the district court's grant of summary

judgment in favor of Anthem Life Insurance Company. We reverse and remand

for further proceedings.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

1.      Under de novo review, there is a triable issue of fact as to whether Decovich was disabled under the terms of the disability policy.  *See Kearney v. Standard Ins. Co.*, 175 F.3d 1084, 1095 (9th Cir. 1999) (en banc).  Although the district court correctly articulated the standard of review, it proceeded to analyze whether the denial of Decovich's disability claim was reasonable.  Instead, it was required to "undertake an independent and thorough inspection of [the] administrator's decision."  *Silver v. Exec. Car Leasing Long-Term Disability Plan*, 466 F.3d 727, 733 (9th Cir. 2006).

While neither of Custom Disability Services (CDS)'s reviewing physicians opined that Decovich's fibromyalgia was disabling, other evidence submitted by Decovich supported her disability claim.  A physical evaluation submitted by Decovich's primary care physician, Dr. Tsai, notes Decovich's experience of pain is frequently severe enough to interfere with attention and concentration.  It further observes she can handle only 15 minutes of standing or walking about at a time, requires a cumulative resting time of two hours, and can only use her hands "occasionally."

Decovich also submitted evidence that, as a dealer, she was required to "have the physical stamina to be able to stand and deal for long periods of time," "withstand prolonged standing, stretching, bending and kneeling without

restriction" and "maintain physical stamina." Given this job description, based on Dr. Tsai's physical assessment, Decovich could not fulfill her job requirements as a card dealer. Similarly, Decovich's rheumatologist, Dr. Jianu, opined that she was unable to perform her current occupation. Although not all of Decovich's treating physicians opined that she suffered functional limitations, Dr. Tsai's evaluation and Dr. Jianu's opinion were sufficient to create a material dispute of fact.[1] Summary judgment in Anthem's favor was thus improper. *See Kearney*, 175 F.3d at 1095.

2. The eight-page letter from CDS denying Decovich's request for reconsideration of the denial of her clam for benefits includes a section entitled "Additional observations." The section recites that several doctors had "recommended psychiatric evaluation [or] . . . treatment," and then states:

> None of the medical documentation provided to us indicates that you ever sought the recommended psychiatric evaluation and/or treatment. In the absence of behavioral health or psychiatric treatment notes and/or evaluations, there is insufficient file documentation to submit for review by a behavioral health specialist.

_____

[1] The dissent notes that Dr. Tsai deferred assessment of work restrictions and limitations to Decovich's other treatment providers. What Dr. Tsai meant by that deferral is disputed. Regardless, Dr. Tsai's opinion regarding Decovich's functional impairment is consistent with that of Dr. Jianu, the other treatment provider Dr. Gendron contacted, who similarly opined that Decovich was unable to perform her current job.

3

The statement does not "tack[] on a new reason for denying benefits." *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 974 (9th Cir. 2006) (en banc). Decovich never claimed to be disabled based on a "mental condition," or "mental illness," so CDS's conclusion that there was no warrant to explore those conditions could not have been a reason for denying benefits. Thus, on remand, review should be on the record that was before the administrator. *Id.*

**REVERSED AND REMANDED.**

*Decovich v. Anthem Life Insurance Company*, No. 12-16803

O'SCANNLAIN, Circuit Judge, dissenting in part:

I respectfully dissent from part one of the disposition. Although the district court uses the word "reasonable" when analyzing CDS's denial of Decovich's claim, it expressly states in the preceding lines of the order that it is engaging in de novo review and rejects the "arbitrary and capricious" standard. The district court then proceeds to engage in a thorough de novo review, concluding that Decovich failed to meet her burden of showing a factual dispute as to whether she established eligibility for disability benefits under the policy.

Moreover, such a conclusion was appropriate. In light of the overwhelming evidence to support the finding that Decovich failed to establish functional impairment—including (i) medical examinations and tests that showed no physical abnormalities, (ii) reports from Decovich's treating specialists, including Dr. Jianu, indicating that Decovich was not functionally impaired, (iii) Dr. Tsai's deferral of his assessment of Decovich's work-related restrictions and limitations to Decovich's other treatment providers, and (iv) Dr. Gendron's observation that individuals with fibromyalgia are often encouraged to engage in physical activity—there is no genuine issue of material fact as to whether CDS erred in denying Decovich's disability claim.

Thus, because the district court engaged in de novo review of CDS's denial of Decovich's claim and appropriately concluded that no material dispute of fact remains, I would affirm the district court's grant of summary judgment in favor of Anthem.